# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES F. JACQUES,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )    Case No. CIV-24-372-SLP<br>) |
| KATHY JANES, DIRECTOR,<br>OKLAHOMA STATE TREASURER<br>UNCLAIMED PROPERTY DIVISION,<br>　　Defendant. | )<br>)<br>)<br>)<br>) |

## **O R D E R**

On July 29, 2024, the Court, for a second time, directed Plaintiff to show cause why this action should not be dismissed without prejudice for failure to effect service of process within 90 days of the filing of the Complaint. *See* Order [Doc. No. 13].[1] The Court granted Plaintiff "one further opportunity" to show cause and set the deadline as August 12, 2024. *See id*.

On August 8, 2024, Plaintiff issued summons to Defendant, but has otherwise failed to respond to the Court's show cause order. Further, the record fails to show that Plaintiff has served Defendant. Consequently, the Court finds dismissal of this action is proper pursuant to Fed. R. Civ. P. 4(m) (for failure to effect timely service) or, alternatively, pursuant to Fed. R. Civ. P. 41(b) (for failure to comply with the Court's orders).

As a result of Plaintiff's failure to respond to the Court's show cause orders, Plaintiff necessarily has not shown good cause to warrant granting a mandatory extension of the service period under Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.

---

[1] The Complaint was filed on April 12, 2024. *See* Doc. No. 1.

1995). And the Court further finds a permissive extension is not warranted under the factors set forth in *Espinoza*. *Id*. at 842 & n. 8.

To the extent a dismissal of this action would effectively operate as a dismissal with prejudice, the Court has considered the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) and concludes dismissal is warranted.[2] Plaintiff has failed to respond to the Court's orders and therefore has interfered with the Court's ability to manage its docket and move this case forward. Plaintiff is culpable for the failure to timely effect service and respond to the Court's orders. And Plaintiff has been warned that his failure to comply with the Court's orders may result in a dismissal. Under these circumstances, the Court finds dismissal is proper and lesser sanctions would have no practical import.

As a final matter, the Court notes that the Complaint identifies Plaintiff's address as 700 Booker T. Washington St., Conroe, Texas, 77301. The record reflects that orders entered in June 2024 and mailed to Plaintiff were returned as undeliverable on June 24, 2024 and July 1, 2024. *See* Doc. Nos. 10 and 11. But the Court's show cause orders entered subsequent to that date have not been returned as undeliverable. *See* Doc. Nos. 12 and 13 (filed July 17, 2024 and July 29, 2024, respectively). And it appears Plaintiff received those orders as he had the summons issued subsequent thereto. *See* Doc. No. 14.

---

[2] Those factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id*. at 921.

The summons, however, identifies Plaintiff's address as 1101 So. 7th St. Apt. #701, Conroe, Texas, 77301.

Plaintiff has not filed a notice of change of address. *See* LCvR 5.4 (providing that a pro se litigant must notify the court of any change of address "by filing the form provided by the clerk and serving a copy on opposing counsel or pro se parties"). And "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." *See* LCvR 5.4; *see also Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999) ("parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change"). Thus, the discrepancy in Plaintiff's address does not alter the Court's conclusion that dismissal of this action is proper. The Court, nonetheless, will direct the Clerk of Court to mail this Order to both the address of record for Plaintiff, and the address identified in the summons.

IT IS THEREFORE ORDERED that Plaintiff's action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court shall mail this Order to Plaintiff as directed.

IT IS SO ORDERED this 9th day of September, 2024.

*[signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE